## STOCKTON v. MASSEY, Sheriff.

Circuit Court of Appeals, Fourth Circuit.
July 15, 1929.

No. 2862.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

Raymond S. Norris, Sp. Asst. to Atty. Gen. (James Damron, U. S. Atty., of Huntington, W. Va., on the brief), for appellee.

Before NORTHCOTT, Circuit Judge, and SOPER and HAYES, District Judges.

SOPER, District Judge. The appellant was brought before the District Court under a writ of habeas corpus, issued to determine the legality of his confinement in the jail of Kanawha county, W. Va., pending his removal to the Atlanta penitentiary. On November 19, 1925, in the District Court of the United States for the Southern District of West Virginia, Stockton pleaded guilty to a conspiracy to violate the National Prohibition Act (27 USCA) and was placed upon probation by the District Court. On March 15, 1926, the court revoked the probation, because it appeared that Stockton had violated the terms thereof, and sentenced him to serve a term of two years in the federal penitentiary at Atlanta. Subsequently, he was transferred to the penitentiary at Moundsville, W. Va., and on November 22, 1926, was released therefrom under a parole granted by authority of the Act of June 25, 1910, c. 387, 36 Stat. 819, as amended by the Act of January 23, 1913, c. 9, 37 Stat. 650 (18 USCA §§ 714 to 722). One of the conditions of the parole was that the appellant would live and remain at liberty without violating the law. But this condition was not observed, and on August 26, 1927, before the expiration of the parole, the warden of the penitentiary, having reliable information that the appellant had violated his parole, issued a warrant for his arrest in accordance with section 4 of the Act (18 USCA § 717). Before this warrant was served, the prisoner was arrested in the Southern District of West Virginia upon a charge of violating the federal laws relating to intoxicating liquors in the month of August, 1927, and on November 16, 1927, he was indicted by the federal grand jury. On November 19, 1927, he pleaded guilty to the charge and was sentenced by the District Court to pay a fine of $1,000, and serve a term of 12 months in the jail of Fayette county, W. Va. The warden's warrant was not served until after service under this indictment was begun. The sentence expired on or about October 19, 1928, but in the meantime, a detainer having been lodged with the jailer by reason of the warden's warrant, the prisoner was brought, upon the expiration of his sentence, to the jail of Kanawha county, W. Va., for temporary custody pending action upon the charge of violating his parole. He was taken before the parole board on December 3, 1928, and, after a hearing, the parole was revoked and his return to the Atlanta penitentiary was directed. After these proceedings were had, the writ of habeas corpus was granted, and the District Court, after hearing, being of opinion that the prisoner was lawfully detained, remanded him to the custody of the sheriff.

Under these circumstances, we think that the action of the District Court in refusing to discharge the prisoner on his petition for habeas corpus was correct, and in accord-

ance with the decision of the Supreme Court in the similar case of Anderson v. Corall, 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247. Indeed we can find no substantial difference between that case and the case at bar. In the Corall Case, also, the prisoner violated his parole during the term thereof, by the commission of another criminal offense, for which he was indicted and sentenced. He was confined in prison for the greater part of the period between the issuance of the warden's warrant, for violation of parole, and the revocation of the parole and recommitment to the federal penitentiary. In that case also the revocation of the parole was not directed until after the expiration of the term of the original sentence. The only difference between the facts of the two cases upon which the appellant relies is that in the Corall Case the prisoner was confined in a state penitentiary for the violation of a state law during the period in question, while in the case at bar the prisoner was confined in a state jail under a sentence of the United States court for a violation of the federal law. The argument is that, since the appellant was confined under a federal sentence, it was within the power of the parole board to have the prisoner brought before it for a hearing for violation of parole before the term of the original sentence expired, whereas, in the Corall Case, this opportunity did not exist. We think that the distinction between the cases is without significance.

Mr. Justice Butler pointed out in the Corall Case that the prisoner's violation of parole, evidenced by the warden's warrant, and his conviction, sentence, and confinement in the state penitentiary, interrupted his service under the original sentence and was in legal effect on the same plane as an escape from the custody and control of the warden, and that the status and rights of the prisoner were analogous to those of an escaped convict. This observation may be applied with equal force to the conviction, sentence, and confinement of the appellant in the state jail under the sentence of the District Court of the United States. Section 4 of the act authorizes the warden, upon the violation by a prisoner of his parole, to issue a warrant for the prisoner's arrest at any time within the term of the prisoner's sentence, and section 6 (18 USCA § 719) provides that at the next meeting of the board of parole, after the issuing of the warrant, the board shall be notified thereof, and, if the prisoner shall have been returned to prison, he shall be given an opportunity to appear before the board; and the board, at its discretion, may revoke the parole and may revoke the order and terminate the parole. The prisoner was not promptly taken under the warden's warrant and returned to the prison during the period of his original sentence only because he was arrested under the process of the District Court for his new offense and sentenced, after a plea of guilty. There was no unreasonable delay between the expiration of his sentence for the new offense and the hearing before the parole board, and the result was substantially the same as if the hearing and decision by the parole board had been made during his term of imprisonment under the new offense and before the expiration of the original sentence; for, in any event, the return of the prisoner to the penitentiary to complete his original sentence could not have taken place until the intervening sentence had been served. We do not mean to suggest that the parole board has the arbitrary power, after the issuance of the warden's warrant during the term of original sentence, to delay the hearing and revocation of a parole until the original sentence has expired; but we think that the delay in the case at bar is satisfactorily explained and was brought about by the very proper action of the government in prosecuting the prisoner for the new crime which he had committed.

The prisoner was properly remanded to the custody of the sheriff in the course of the habeas corpus proceeding, and the order of the District Court is affirmed.