## PLATEK v. ADERHOLD, Warden.

### Nos. 7264, 7557.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1934.

SIBLEY, Circuit Judge.

Joseph A. Platek, a prisoner in the United States penitentiary, has brought two separate petitions against the Warden, from refusals of which he takes separate appeals. The first petition entertained November 17, 1933, prays for a production of petitioner's body in court, and for his release, and is to be treated as praying for a writ of habeas corpus. Under it he was produced, the Warden answering under oath that the prisoner was held under an exhibited commitment. Also exhibited was a penitentiary record which showed the prisoner's conviction in Ohio for knowingly possessing stolen bonds, section 194, Criminal Code (18 USCA § 317), and sentence on May 24, 1929, for four years; a parole granted June 21, 1931; prisoner declared a parole violator February 12, 1932; returned as such August 19, 1933, and parole revoked September 25, 1933, with a notation: "Earns no good time. Has 702 days to serve." A further note states that Platek was arrested in Ohio November 3, 1931, for burglary, and was sentenced January 28, 1932, to Ohio State Penitentiary, whence he was discharged August 15, 1933, and turned over to the United States Marshal. No evidence was heard at the trial, and we take it this answer with its exhibits was treated as true. The petition exhibits a regular record of conviction for possessing bonds stolen from the mail, and it claims that the offense was that of an accessory after the fact, punishable under 18 USCA § 551 by imprisonment not to exceed one-half the maximum term prescribed for a principal offender, and that Platek has served more than that time. The petition also states that the Parole Board met in September, 1933, and at that meeting revoked his parole, but denies in general terms, stating no specific facts, that he had received a hearing before the Board of Parole as specified by law, and that he was a fugitive from justice, and asserts that the warrant for his arrest as a parole violator was stale when executed eighteen months after its issuance, and that the parole was not revocable after his original term of sentence had expired. A brief filed for him states that the revocation was by one member only of the Parole Board, but we cannot consider this statement as it is not supported by anything in the record.

Title 18 USCA § 551, touching the punishment of accessories after the fact, does not apply here, for it is qualified by the words "except as otherwise expressly provid-

Joseph A. Platek, of Atlanta, Ga., in pro. per.

H. T. Nichols, Sp. Atty., of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

ed by law," and section 317 (Criminal Code § 194) under which the prosecution proceeded expressly provides that the unlawful and knowing possessor of stolen mail matter may be imprisoned for five years. The sentence of four years is valid. Platek when paroled, therefore, had about two years of his sentence to serve, not counting good time allowance. A few months later he was convicted of a burglary or larceny, and it is not denied that he thereby violated his parole. He became liable to rearrest. A warrant was promptly issued, but he was in the hands of the state authorities and could not be retaken. Ableman v. Booth, 21 How. 506, 16 L. Ed. 169. The warrant was promptly executed after his release from the state penitentiary and his parole was thereafter promptly revoked. 18 USCA § 719 declares: "If such order of parole shall be revoked and the parole so terminated, the said prisoner shall serve the remainder of the sentence originally imposed; and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced." If the prisoner stands parole without a breach of it, his sentence expires just as though he were serving it inside the penitentiary, deduction for good conduct being similarly allowed, section 716; but if he breaks parole and parole is revoked, only the time served in the penitentiary counts, that spent on parole is expressly excluded. After breaking parole, until the prisoner is returned to the penitentiary, the running of his sentence is as much suspended as though he had escaped. He can be arrested and returned to finish serving it though the time may have passed at which but for parole it would have been completed. Anderson v. Corall, 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247; Stockton v. Massey (C. C. A.) 34 F.(2d) 96. No question of good-time deduction arises in the present case although argued, because nothing in the record shows that Platek has earned any. The only mention of it is the notation in the penitentiary record: "Earns no good time. Has 702 days to serve." See on the point, however, Morgan v. Aderhold (C. C. A.) 73 F.(2d) 171, this day decided. There was no error in discharging the writ.

▇▇ Platek's second petition he styles an application for mandamus and injunction. It was filed after the preceding one was disposed of. It prays not for a writ of habeas corpus nor for discharge from imprisonment, but claims that he was entitled to certain good-time deductions under 18 USCA § 710 when paroled, that his parole was revoked after his original sentence had expired and the warden had wrongfully annulled his good time for the past and future service. A mandamus or injunction is sought to prevent this. A second cause of complaint is that the warden had refused to ship petitioner's clothing back to his wife. This novel petition was rightly dismissed. The prison system of the United States is under the control of the Attorney General and Superintendent of Prisons, and not of the District Courts. The court has no power to interfere with the conduct of the prison or its discipline, but only on habeas corpus to deliver from the prison those who are illegally detained there. It is well settled that the District Courts cannot unless specially authorized by statute issue an original writ of mandamus. Covington & Cincinnati Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111; Fineran v. Bailey (C. C. A.) 2 F.(2d) 363; Herkness v. Irion (D. C.) 11 F.(2d) 386. The courts of the District of Columbia have broader powers over officials there resident. The equitable remedy of injunction is not available touching good time deductions, for equity does not meddle with matters of criminal law unless property rights are to be protected. As to the clothing, no case for equitable interference appears. We know of no law requiring the Warden at his own expense to make any sort of shipment from the prisoner to his wife.

Judgments affirmed.