### ADERHOLD, Warden, v. ASHLOCK.
### No. 1660.

Circuit Court of Appeals, Tenth Circuit.
Sept. 22, 1938.

Homer Davis, Asst. U. S. Atty., and Summerfield S. Alexander, U. S. Atty., both of Topeka, Kan., for appellant.

No appearance for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Charles Ashlock was charged by indictment returned in the District Court of the United States for the Eastern District of Kentucky with a violation of 26 U.S.C.A. § 692, now 26 U.S.C.A. § 1043. He pleaded guilty and was sentenced to a term of imprisonment of two years from November 13, 1933. On June 21, 1935, he was conditionally released from the Penitentiary Annex, at Leavenworth, Kansas, by the United State Parole Board.

Thereafter, he was charged by indictment returned in the District Court of the United States for the Southern District of West Virginia with a violation of the Harrison Anti-Narcotic Act. He pleaded guilty to the charge and on September 18, 1935, he was sentenced to serve a term of three years in the United States Penitentiary Annex, at Leavenworth, Kansas. He was delivered to the Penitentiary Annex on September 28, 1935.

A warrant for his arrest, based on a violation of his parole was issued, and upon completion of his second sentence he was arrested and recommitted to the Penitentiary Annex to serve the unexpired portion of his first sentence.

Ashlock filed an application for a writ of habeas corpus in the District Court of the United States for the District of Kansas, predicated on the contention that upon his commitment to the penitentiary on the second sentence, he immediately began service of the unexpired term of his first sentence and that both sentences had been fully served.

The trial court sustained Ashlock's contention and entered its judgment discharging him from custody.

The Warden has appealed.

Section 723c, 18 U.S.C.A., reads in part as follows:

"The Board of Parole * * * or any member thereof, shall have the exclusive authority to issue warrants for the retaking of any United States prisoner who has violated his parole. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the institution, and the time the prisoner was on parole shall not diminish the time he was originally sentenced to serve."

In Zerbst v. Kidwell, 304 U.S. 359, 362, 363, 58 S.Ct. 872, 873, 82 L.Ed. 1399, 116 A. L.R. 808, the Supreme Court of the United States in construing the above provision in connection with facts identical with those presented here, said:

"Obviously, this provision [Sec. 723c, supra] does not require that a parole violator's original, unexpired sentence shall begin to run from the date he is imprisoned for a new and separate offense. It can only refer to reimprisonment on the original sentence under order of the Parole Board.

"Since service of the original sentence was interrupted by parole violation, the full term of that sentence has not been completed. Just as respondent's own misconduct (parole violation) has prevented completion of the original sentence, so has it continued the authority of the board over respondent until that sentence is completed and expires. * * *

"If the parole laws should be construed as respondent contends, parole might be more reluctantly granted, contrary to the broad humane purpose of Congress to grant relief from imprisonment to deserving prisoners.

"Respondents have not completed service of their original sentences and were not entitled to release."

The cause is reversed with instructions to vacate the order of discharge, to order that Ashlock be redelivered to the custody of the Warden, and to issue and execute such writ or process as may be necessary to make such order effective.

Reversed.