### DUCEY v. HILL.
### No. 108.

District Court, M. D. Pennsylvania.
July 17, 1939.

James Ducey, in pro. per.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a rule to show cause why a writ of habeas corpus should not issue. Petitioner, James Ducey, is a prisoner in the United States Northeastern Penitentiary, at Lewisburg, Pennsylvania. On March 27, 1936, he was sentenced to two years, and was conditionally released on this sentence November 2, 1937, with 144 days unserved, being his allowance for good conduct. Before expiration of this period, he committed a second offense, for which he was convicted and sentenced to the penitentiary for a term of 18 months, which he has served. Petitioner contends that from the moment of his imprisonment in the penitentiary under the second sentence, he also began service of the unexpired part of his original sentence. If this contention is valid, petitioner has completely served both sentences, and is entitled to release.

Respondent contends, however, that when petitioner violated his conditional release by committing the second offense, he was no longer in custody under the first sentence, and that after the completion of the second sentence, the Board of Parole had authority to issue the warrant for violation of the conditions of his release under which he is now held, and require petitioner to complete the first sentence, service of which was interrupted by violation of the conditions of his release.

There is no merit in petitioner's contention. When he committed a crime while on conditional release, for which he was arrested, sentenced, and imprisoned, not only was his conditional release terminated, but service of his original sentence was interrupted and suspended. "Thereafter,

**348**

his imprisonment was attributable to his second sentence only, and his rights and status as to his first sentence were 'analogous to those of an escaped convict.' Anderson v. Corall, 263 U.S. 193, 196, 197, 44 S.Ct. 43, 44, 68 L.Ed. 247. Not only had he—by his own conduct—forfeited the privileges granted him by parole, but, since he was no longer in either actual or constructive custody under his first sentence, service under the second sentence cannot be credited to the first without doing violence to the plain intent and purpose of the statutes providing for a parole system." Zerbst, Warden, v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 873, 82 L.Ed. 1399, 116 A.L.R. 808.

And now, July 21, 1939, it is ordered that the petition for a writ of habeas corpus be and the same hereby is denied, and the rule granted thereon discharged.