**ADAMS v. HUDSPETH, Warden.**

No. 2252.

Circuit Court of Appeals, Tenth Circuit.

May 31, 1941.

David B. Richardson, of Oklahoma City, Okl., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the District Court of Kansas, denying a writ of habeas corpus to the appellant.

On January 27, 1933, the appellant was sentenced by the District Court for the Eastern District of Missouri for a term of four years and committed to the custody of the Attorney General. On December 25, 1935, he was conditionally released, as provided by law, 18 U.S.C.A. § 716, 336 days before his term of four years would have expired on January 26, 1937.

On February 24, 1936, a parole violator's warrant was issued against the appellant by a member of the United States Board of Parole. On July 6, 1936, and before he was taken into custody by process issued from the Board of Parole, he was arrested, indicted and sentenced by the District Court for the Western District of Texas for a term of six years in the Federal Penitentiary. The Marshal's return on final commitment shows that he commenced the service of sentence on the 16th day of July, 1936. He has served the latter term of six years and is entitled to be released as of July 18, 1940. On that date he was arrested and taken into custody on the parole violator's warrant, issued by a member of the Board of Parole on February 24, 1936. 18 U.S.C.A. § 717.

Appellant contends that his further detention is unlawful, first, because the warrant was not served until the expiration of the sentence on which he was paroled and violation for which he is charged; second, he has not been accorded a hearing as contemplated by 18 U.S.C.A. § 719.

█ The trial court held that the appellant failed to "allege any grounds warranting his release on writ of habeas corpus." The return of the Warden on the warrant, issued by the Board of Parole, which is conclusive in the absence of traverse, 28 U.S. C.A. § 460, note 2; Crowley v. Christensen, 137 U.S. 86, at page 94, 11 S.Ct. 13, 34 L.Ed. 620, and United States ex rel. Laird v. O'Brien, 7 Cir., 111 F.2d 232, at page 234, shows that the writ was received on the 8th day of July, 1940, by arresting the appel-

lant James D. Adams and committing him to the United States Penitentiary at Leavenworth, Kansas, on that date. The record shows that on September 3, 1936, the acting parole executive, in a letter to the Warden of the penitentiary at Leavenworth, Kansas, transmitted the warrant in duplicate; called attention to the fact that the appellant "is now serving a new sentence in your institution"; requested that the warrant be placed as a detainer, and that the appellant be taken into custody on the warrant at the expiration of the "present sentence". The letter further requested that "the case should be listed for hearing on the violation charge only after Adams is in custody on the warrant."

Conceding that the Board of Parole is without jurisdiction to issue a warrant for, and retake, a prisoner after the expiration of "the term or terms of the prisoner's sentence", 18 U.S.C.A. §§ 714 to 719, the appellant cannot complain. The warrant was issued on February 24, 1936, and within "the term or terms of the prisoner's sentence". Before the warrant was executed and within "the term or terms of the prisoner's sentence" he entered his plea of guilty, was sentenced and delivered to the custody of the Warden of the penitentiary for a new and different offense, committed in another jurisdiction.

During the period for which appellant was sentenced for the new and different offense, he was not in legal custody of the Warden upon the parole violator's warrant. Jurisdiction of the Board of Parole over the appellant under the original sentence was effectively interrupted and suspended by his confinement under the latter offense. Service of the two sentences was not concurrent. He occupied the legal status of an escaped convict, or as if he had not been apprehended. Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; United States v. Dillard, 4 Cir. 102 F.2d 94; Hogan v. Zerbst, 5 Cir., 101 F.2d 634; Aderhold v. Ashlock, 10 Cir., 99 F.2d 67; Stockton v. Massey, 4 Cir., 34 F.2d 96 and Ducey v. Hill, D.C., 28 F.Supp. 347.

The appellant complains of the failure of the Board of Parole to accord him a hearing, granted by 18 U.S.C.A. § 719, which provides: "When a prisoner has been retaken upon a warrant issued by the Board of Parole, he shall be given an opportunity to appear before said Board of Parole, a member thereof, or an examiner designated by the Board. * * *" The warrant issued by the Board of Parole February 24, 1936, was served upon the appellant on the 18th day of July, 1940. On that date, and not before, the appellant "was retaken" upon the warrant. On that date the Board of Parole acquired custody and jurisdiction over the person of the appellant. Six days thereafter and on July 24, 1940, the appellant filed application for writ of habeas corpus.

The appellant cannot complain of the failure of the Board to grant a hearing within six days after his arrest on the warrant. The right to a hearing, granted by Section 719, supra, contemplates a reasonable time. MacAboy v. Klecka, D.C., 22 F. Supp. 960 and United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, certiorari denied, 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405. Clearly no such reasonable time elapsed between the arrest on the warrant and the filing of the application for the writ. Stockton v. Massey, supra.

In these circumstances it is unnecessary for us to decide whether habeas corpus is available to the appellant to test the arbitrary refusal of the Board of Parole to accord him a hearing as granted by Section 719, supra. Cf. United States ex rel. Rowe v. Nicholson, supra, 78 F.2d at page 471 and United States v. Dillard, supra, 102 F.2d at page 96. It is enough to say that the petition, on its face, fails to show any unreasonable delay after arrest.

The order appealed from is affirmed.