**TAYLOR v. SQUIER, Warden, United States Penitentiary, McNeil Island, Wash.**

No. 10581.

Circuit Court of Appeals, Ninth Circuit.

May 12, 1944.

Rehearing Denied May 29, 1944.

Adrian C. Taylor, in pro. per.

J. Charles Dennis, U.S. Atty., of Seattle, Wash., and Guy A. B. Dovell, Asst. U.S. Atty., of Tacoma, Wash., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was convicted of an offense against the laws of the United States and was thereupon sentenced to be imprisoned for 35 years. He began to serve his sentence on April 10, 1919. His sentence was reduced from 35 years to 15 years on March 26, 1924. He was released on parole on June 30, 1924, pursuant to an order theretofore made by the Board of Parole. He violated his parole on June 1, 1928, and continuously thereafter until he was retaken. A warrant for retaking him was issued on August 8, 1928. He was retaken on September 10, 1929, and was returned to prison on September 15, 1929. He was again released, on the same parole, on May 5, 1930. He violated his parole on December 1, 1930, and continuously thereafter until he was retaken. A warrant for retaking him was issued on March 28, 1931. He was retaken on January 27, 1937, and was returned to prison on February 17, 1937. The Board revoked its order and terminated his parole on March 17, 1937. He has remained in prison[1] in the custody of appellee, warden thereof, since February 17, 1937.

On June 14, 1943, appellant petitioned the court below for a writ of habeas corpus. The court issued an order requiring appellee to show cause why such a writ should not issue. Appellee filed a return (improperly called an answer), appellant filed a traverse (improperly called a sup-

[1] The United States penitentiary at McNeil Island, Washington.

plemental petition), the court issued a writ of habeas corpus (improperly called an order),[2] appellant was produced, a hearing was had, the facts were found to be as stated above, and on August 31, 1943, an order was entered dismissing the petition and remanding appellant to appellee's custody, thus, in effect, discharging the writ. From that order this appeal is prosecuted.

■ Appellant contends that under § 710 of Title 18 U.S.C.A.,[3] he was entitled to a deduction of 1800 days (10 days for each month) from the term of his sentence, and that therefore his sentence expired on May 5, 1929. The deduction mentioned in § 710—sometimes called a good time allowance,[4] sometimes called a credit for good behavior[5]—is allowable only to a prisoner "whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment."[6] Appellant's record of conduct did not show that he had faithfully observed all the rules, but showed instead that he had violated his parole. Hence he was not entitled to any deduction from the term of his sentence.[7]

■ Even without any such deduction, appellant's sentence would have expired on April 9, 1934, if he had remained in prison, but, instead of remaining there, he was paroled, as stated above, and violated his parole, as stated above. The running of appellant's sentence was interrupted by the violation of his parole during the period from June 1, 1928, to September 10, 1929, and during the period from December 1, 1930, to January 27, 1937.[8] During both periods, his "status and rights were analogous to those of an escaped convict."[9] His sentence, therefore, did not expire on April 9, 1934, nor had it expired when the Board revoked its order and terminated his parole on March 17, 1937. Hence that action of the Board was effective,[10] and hence the time appellant was out on parole did not diminish the time he was sentenced to serve.[11] That time has not expired.

Order affirmed.

---

[2] Cf. Pyron v. Squier, 9 Cir., 129 F.2d 310.

[3] Section 710 provides: "Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail, * * * for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, commencing on the first day of his arrival at the penitentiary, prison, or jail: * * * upon a sentence of ten years or more, ten days for each month."

[4] 18 U.S.C.A. §§ 711, 716, 723.

[5] 18 U.S.C.A. § 712a.

[6] See footnote 3.

[7] Halligan v. Marcil, 9 Cir., 208 F. 403; Aderhold v. Perry, 5 Cir., 59 F.2d 379; Morgan v. Aderhold, 5 Cir., 73 F.2d 171; Platek v. Aderhold, 5 Cir., 73 F.2d 173; United States v. Anderson, 8 Cir., 76 F. 2d 375; United States v. Nicholson, 4 Cir., 78 F.2d 468; Christianson v. Zerbst, 10 Cir., 89 F.2d 40; Jarman v. United States, 4 Cir., 92 F.2d 309; Wipf v. King, 8 Cir., 131 F.2d 33.

[8] Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; Biddle v. Asher, 8 Cir., 295 F. 670; Stockton v. Massey, 4 Cir., 34 F.2d 96; Platek v. Aderhold, supra; Christianson v. Zerbst, supra; Aderhold v. Ashlock, 10 Cir., 99 F. 2d 67; United States v. Dillard, 4 Cir., 102 F.2d 94; Aderhold v. Murphy, 10 Cir., 103 F.2d 492; Adams v. Hudspeth, 10 Cir., 121 F.2d 270; Groce v. Hudspeth, 10 Cir., 121 F.2d 800.

[9] Anderson v. Corall, supra [263 U.S. 193, 44 S.Ct. 45, 68 L.Ed. 247]; Zerbst v. Kidwell, supra.

[10] 18 U.S.C.A. §§ 717–723c.

[11] 18 U.S.C.A. §§ 719, 723c.