**CONLEY v. STEELE, Warden.**

No. 14239.

United States Court of Appeals
Eighth Circuit.

April 9, 1951.

Robert J. Gaddy, St. Louis, Mo. (appointed by the Court), for appellant.

Sam M. Wear, U. S. Atty., Kansas City, Mo., and William Aull, III, Asst. U. S. Atty., Lexington, Mo., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from an order denying a petition for a writ of habeas corpus. The petition is based upon the claim that petitioner (appellant) is being detained under a sentence and commitment which has expired.

The District Court ordered the respondent (appellee) to show cause why the petition should not be granted. The response to the order disclosed the facts to be as follows: The petitioner had been, on July 7, 1941, sentenced to imprisonment for ten years by the United States District Court for the Southern District of California, upon his plea of guilty to an indictment

charging two federal offenses connected with the forgery of an endorsement on a Government draft, and entered upon the execution of his sentence. He was conditionally released from the Medical Center for Federal Prisoners on March 23, 1948, but was subject to further imprisonment for 1200 days in the event that he violated the conditions of his release. On June 4, 1948, the petitioner was sentenced to 18 months imprisonment by the United States District Court for the Northern District of California upon his conviction under an indictment charging him with the crime of impersonating a naval officer of the United States. The petitioner appealed, and his conviction was affirmed. Conley v. United States, 9 Cir., 170 F.2d 702. He again became an inmate of the Medical Center.

A United States Parole Board Conditional Release Violator's Warrant had been issued May 28, 1948, commanding the arrest of the petitioner and his return to custody for having violated the terms of his release. The warrant was received by the respondent on March 11, 1949. He executed it "by arresting the within-named Lawrence Conley this 17th day of August, 1949, at Springfield, Missouri, and committing him to Medical Center for Federal Prisoners, Springfield, Missouri." August 17, 1949, was the day when the petitioner was entitled to release from his detention under his sentence of 18 months.

The record shows that if petitioner's detention under the Parole Board's warrant commenced August 17, 1949, he will, with good time allowances, not be eligible for a conditional release until October 31, 1951. If, however, his detention since June 4, 1948, is attributable to both the warrant and the sentence of 18 months, he is now entitled to be released.

The District Court ruled that the petitioner's detention as a conditional release violator did not commence until the execution of the Parole Board's warrant on August 17, 1949. That conclusion is correct. Adams v. Hudspeth, 10 Cir., 121 F.2d 270, 272; Carroll v. Squier, 9 Cir., 136 F.2d 571, 574; Voorhees v. Cox, 8 Cir., 140 F.2d 132, 135.

There is no reason why the Parole Board should be compelled to serve a warrant forthwith upon one who, after having received a conditional release, violates its terms by committing a crime which results in his being again sentenced to imprisonment. We think that, in the instant case, the use of the warrant as a detainer at the time of the expiration of the petitioner's second sentence of imprisonment was entirely lawful, that he will not be eligible for release until October 31, 1951, and that his present detention is not subject to attack.

We are indebted to counsel, appointed by this Court to represent the petitioner, for a brief urging all that could be urged on his behalf.

The order appealed from is affirmed.