C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellant,

v.

Elmer S. LENZ, Appellee.

No. 4936.

United States Court of Appeals Tenth Circuit.

Dec. 22, 1954.

Rehearing Denied Feb. 2, 1955.

Milton P. Beach, Asst. U. S. Atty., Oskaloosa, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., and Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., were with him on the brief), for appellant.

Malcolm D. Crawford, Denver, Colo. (Phelps & Wittelshofer, Denver, Colo., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal by Looney, Warden of the United States Penitentiary, at Leavenworth, Kansas, from an order releasing Lenz from custody of the Warden on a writ of habeas corpus.

Lenz was sentenced to confinement for a period of 4 years and 9 months, from October 15, 1945. He was released on parole June 28, 1947, with 1112 days of such sentence unserved.

While at large as a parolee, Lenz was convicted for another Federal offense and sentenced to a term of 4 years from April 19, 1948. A warrant for the arrest of Lenz as a parole violator was issued on March 2, 1948, and executed on March 7, 1950, on order of the United States Parole Board, to permit concurrent service of the 1112 days remaining of the 4-years and 9-months sentence with the 4-year sentence. After serving 287 days of the 1112 days, Lenz, on December 21, 1950, was released on re-parole under the 4-years and 9-months sentence. A total of 825 days of the 4-years and 9-months sentence then remained unserved.

Lenz, at the time the re-parole was granted, signed a certificate made a part of it, by which he agreed to the terms and conditions thereof.

While at large under the certificate of re-parole, Lenz was convicted of another Federal offense, and on February 4, 1952, was sentenced to serve 2 years and 2 days. During the service of that sentence, Lenz earned 144 days of statutory good time, 28 days of which were for-

feited, and he, therefore, became eligible for conditional release on October 12, 1953.

While he was serving the 2-years and 2-days sentence, and on March 7, 1952, a warrant for his retaking was issued.[1]

The 825 days (1112 days minus 287 days) was further reduced by 169 days, inasmuch as Lenz concurrently served as a parole violator from April 27, 1953, to October 12, 1953. Since the latter date he has been held only as a parole violator under the order of April 27, 1953.

18 U.S.C.A. § 4205 provides:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

It is based on 18 U.S.C., 1940 ed., §§ 717 and 723c. Section 717 reads:

"If the warden of the prison or penitentiary from which said prisoner was paroled or said board of parole or any member thereof shall have reliable information that the prisoner has violated his parole, then said warden, at any time within the term or terms of the prisoner's sentence may issue his warrant to any officer hereinafter authorized to ex-

ecute the same, for the retaking of such prisoner."

The question presented is whether the maximum term or terms ended 4 years and 9 months from October 15, 1945, that is, July 14, 1950, or whether it was extended by the interruption thereof during the times Lenz was at large on parole and re-parole and the time he was serving the third sentence up to April 27, 1953.

While on parole the prisoner is bound to remain in the legal custody and under the control of the Board of Parole until the expiration of the term of his sentence. Release on parole is subject to conditions. If the prisoner fulfills those conditions he is entitled to credit on his sentence during the time he is released on parole, with the same legal effect as imprisonment. But, if the prisoner violates the conditions of his parole and the parole is revoked, then, under the express mandate of the statute, the time he was on parole shall not diminish the time he was sentenced to serve.[2] It follows, since Lenz violated the conditions of his parole and the conditions of his re-parole, he was not entitled to credit on the sentence during the times he was under conditional release on parole.

During the time that Lenz was imprisoned under the 2-years and 2-days sentence and until April 27, 1953, his status and rights were analogous to those of an escaped convict and during his confinement under that sentence until April 27, 1953, the running of the 4-years and 9-months sentence was interrupted.[3]

---

1. The warrant, on its reverse side, bears the following notation:

"May 5, 1953

"This is to certify that the within named prisoner Elmer S. Lenz, was taken into custody today under authority of this warrant to serve the unexpired portion of his sentence * * * which amounts to a period of 825 days with the time computed as beginning on April 27, 1953, date of Order rec'd from Parole Executive. This sentence will expire by CR–PV on Jan. 22, 1955, with an allowance of 189 days SGT on the violation term."

2. Anderson v. Corall, 263 U.S. 193, 196, 197, 44 S.Ct. 43, 68 L.Ed. 247; Rogoway v. Warden, 9 Cir., 122 F.2d 967, 969; Platek v. Aderhold, 5 Cir., 73 F.2d 173, 175; Zerbst v. Kidwell, 304 U.S. 359, 362, 58 S.Ct. 872, 82 L.Ed. 1399.

3. Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 304 U.S. 359, 361, 362, 58 S.Ct. 872, 82 L.Ed. 1399; Aderhold v. Ashlock, 10 Cir., 99 F.2d 67, 68; Aderhold v. Murphy, 10 Cir., 103 F.2d 492, 493; United States ex rel. Nicholson v. Dillard, 4 Cir.,

■ Such was the settled law under § 717, supra, and we do not think the use of the word "maximum" in § 4205, supra, effected a change of the law in that respect. Any other construction of § 4205, supra, would unduly restrict the power of the Board to exercise its disciplinary powers with respect to parole violators.[4]

It follows that on October 12, 1953, there still remained 656 days, less accrued good time, unserved on the original sentence, and since the order of revocation was made on or about April 27, 1953, at a time when that sentence had not expired through service for which Lenz was entitled to credit, the order was made within the maximum term of that sentence as used in § 4205, supra, and was valid.

The cause is reversed with instructions to vacate the order of discharge, to order that Lenz be redelivered to the custody of the Warden, and to issue and execute such writ of process as may be necessary to make the order effective.

102 F.2d 94, 96; Voorhees v. Cox, 8 Cir., 140 F.2d 132, 135; Adams v. Hudspeth, 10 Cir., 121 F.2d 270, 272.

4. Zerbst v. Kidwell, 304 U.S. 359, 362, 363, 58 S.Ct. 872, 82 L.Ed. 1399.