Jerome POSTER, Petitioner,

v.

Murray A. DIAMOND, M.D., Medical Officer in Charge, U. S. Public Health Service Hospital, Lexington, Kentucky, Respondent.

United States District Court
E. D. Kentucky,
Lexington.
March 15, 1962.

Jerome Poster, petitioner per se.

Bernard T. Moynahan, Jr., U. S. Atty., Wm. A. Watson, Asst. U. S. Atty., for respondent.

HIRAM CHURCH FORD, Chief Judge.

The Petitioner, Jerome Poster, has tendered and moved for leave to file and prosecute herein his petition for a Writ of Habeas Corpus without prepayment of fees and costs or security therefor. His tendered petition is accompanied by his affidavit of poverty conforming to 28 U.S.C.A. § 1915(a).

It appears from the tendered petition that petitioner is presently a Federal prisoner at the United States Public Health Service Hospital, Lexington, Ky., where he is detained by authority of the Federal Government for service of an unexpired portion of a term of imprisonment previously imposed upon him by a Court of the United States, the service of which sentence was interrupted by parole of the petitioner, or by other release from actual imprisonment which the petitioner terms "mandatory release". It is not claimed by petitioner that he has actually served in prison the full term for which he was originally sentenced, nor is it alleged that his present imprisonment is not the result of his violation of the conditions upon which he was permitted to be at large during periods of parole or mandatory release referred to in the petition. He makes it quite clear that he rests his claim for relief solely upon his contention that the time he was under parole or mandatory release must be credited towards service of his original sentence and that when so credited he has already served more than the ten-year sentence originally imposed upon him. His contentions to that effect are set out on pages 3 and 4 of his petition as follows:

"Petitioner contends he is now, and has been for more than ten (10) months, illegally detained and confined against his will as a federal prisoner, by authority of a United States Board of Parole Warrant charging mandatory release violation, dated November 3, 1958, and executed on April 29, 1961.

"Petitioner contends he has already served more than the ten (10) year sentence originally imposed by the sentencing court and that he should be immediately released from any further service of this sentence.

"Petitioner contends that being under parole or mandatory release supervision did not place him outside the custody or jurisdiction of the Attorney General of the United States at any time and must therefore be credited toward service of the court's original sentence—since it was the judgment of the sentencing court petitioner serve a period of '* * * ten years in the custody of the Attorney General of the United States.'

"Petitioner contends the United States Board of Parole has acted arbitrarily and without proper legal authority when they nullified and disregarded at their discretion periods of time spent under their supervision on the street in the service of a federal sentence, and by so doing actually altered and increased the mandate of the sentencing court."

In Loum v. Underwood (6 Cir.), 262 F.2d 866, the Court said:

"The right to proceed in forma pauperis under Sec. 1915, Title 28, U.S.Code, is not an unqualified one. The statute provides that the Court 'may authorize' the commencement or prosecution of a suit without prepayment of fees and costs. (Emphasis added.) If the proposed action is clearly without merit, it is within the discretion of the District Judge to deny the application."

For the reason that petitioner's claim for relief upon the grounds asserted herein is clearly without merit, I am of the opinion that petitioner's motion to file his petition for Habeas Corpus in forma pauperis should be and is denied, Zerbst

v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399; Looney v. Lenz (10 Cir.), 217 F.2d 841, cert. denied Levy v. Looney, 349 U.S. 965, 75 S.Ct. 898, 99 L.Ed. 1287.