REDMAN v. DUEHAY, President of United States Board of Parole, et al.

(Circuit Court of Appeals, Ninth Circuit. November 19, 1917.)

No. 3030.

HABEAS CORPUS ⬡⇒23—PROCEEDINGS—AUTHORITY OF COURT.

Under Act June 25, 1910, c. 387, § 3, 36 Stat. 819 (Comp. St. 1916, § 10537), declaring that, if it shall appear to the board of parole from a report of the proper officers of the prison, or upon application by a prisoner for release on parole, that there is a reasonable probability that such applicant will live and remain at liberty without violating the laws, and if in the opinion of the board such release is not incompatible with the

welfare of society, then the board of parole may, in its discretion, authorize the release of such applicant on parole, a prisoner cannot, by habeas corpus, secure his release on parole where the board of parole found there was not a reasonable probability he would live and remain at liberty without violating the law, and that his release was incompatible with the welfare of society; the right of parole being vested exclusively in the board.

Appeal from the United States District Court for the Southern Division of the Western District of Washington.

Application by Thomas V. Redman for writ of habeas corpus against F. H. Duehay, President of the United States Board of Parole, and others, constituting a board for paroling prisoners in the United States Penitentiary, McNeil Island, Wash. From an order discharging a rule to show cause, applicant appeals. Affirmed.

Thomas V. Redman, in pro. per.

Clay Allen, U. S. Atty., of Seattle, Wash., George P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash., for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Appellant Redman, a prisoner in the prison at McNeil's Island, filed an application for release on parole with the board of parole for the United States prison at McNeil Island, Wash. The board heard the application, and thereafter denied it. By petition for writ of habeas corpus he set up that he had been denied a right, in that the board "did not show any cause whatsoever why it denied" his application, and that "unless good cause is shown by the board for not granting to him an order for parole," he is entitled to be paroled any time after having served one-third of his sentence. The District Court granted an order to show cause, and the board denied the allegations above referred to, and alleged that:

"The petitioner was granted a hearing in the manner provided by law, and that it was determined that there was not reasonable probability that the petitioner would live and remain at liberty without violating the law, and that in the opinion of the board his release was incompatible with the welfare of society."

After hearing testimony from a member of the board of parole the court discharged the rule to show cause and Redman appealed.

The only question involved occurs upon the meaning of section 3, Act Cong. June 25, 1910, c. 387, 36 Stat. 819 (Comp. St. 1916, § 10537), which reads as follows:

"If it shall appear to said board of parole from a report by the proper officers of such prison or upon application by a prisoner for release on parole, that there is a reasonable probability that such applicant will live and remain at liberty without violating the laws, and if in the opinion of the board such release is not incompatible with the welfare of society, then said board of parole may in its discretion authorize the release of such applicant on parole, and he shall be allowed to go on parole outside of said prison, and, in the discretion of the board, to return to his home, upon such terms and conditions, including personal reports from such paroled person, as said board of parole shall prescribe."

Language expressive of legislative intent could not be plainer. It must appear to the board by showing in the manner prescribed that there is reasonable probability that the applicant for a parole will abide by the law; and if in the belief or judgment of the board his release is not incompatible with the welfare of society, the board may, in its discretion, authorize parole. The opinion called for is that of the board, and the power to authorize release is vested exclusively in the board to be exercised as it may, in its wisdom, see fit.

Petitioner, having failed to show that he is entitled to relief from the courts, was properly denied the writ.

Affirmed.