## UNITED STATES ex rel. WHITAKER v. MATHUES, U. S. Marshal,

(Circuit Court of Appeals, Third Circuit. November 23, 1925.)

No. 3385.

**1. Habeas corpus ⬅109—Prisoner sentenced to wrong prison remanded for proper sentence.**

Where unlawful action of court, if any, occurred, not at trial, but in sentencing defendant to wrong prison, habeas corpus would operate only to release defendant from prison named in sentence, and remand him to trial court for sentence to proper prison.

**2. Criminal law ⬅1218—Act held not to require that violator should serve sentence in district through which he transported stolen vehicle.**

National Motor Vehicle Theft Act, § 5 (Comp. St. Ann. Supp. 1923, § 10418f), providing for punishment in any district in or through which the motor vehicle was transported or removed, relates to place of prosecution, and not to place of imprisonment.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Petition for writ of habeas corpus by the United States, on the relation of Norman T. Whitaker, against W. Frank Mathues, United States Marshal. From an order denying the writ, relator appeals. Order affirmed.

Joseph A. Gilligan, of Philadelphia, Pa., for appellant.

Joseph L. Kun, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. On an indictment, drawn under the National Motor Vehicle Theft Act, 41 Stat. 324 (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f), Whitaker was tried and convicted in the District Court of the United States for the Northern District of California for transporting a motor vehicle in interstate commerce from Ocean City, New Jersey, to Los Angeles, California, knowing it to have been stolen. He was sentenced to imprisonment for a term of years in the federal prison at Leavenworth, Kansas. On writ of error the United States Circuit Court of Appeals for the Ninth Circuit affirmed the judgment of the District Court. Whitaker v. United States, 5 F.(2d) 546. In the meantime, Whitaker, being out on bail, disappeared. Learning that a bench warrant for his apprehension had issued, he surrendered himself to the United States Marshal at Philadelphia. He then presented to a judge of the District Court of the United States for the Eastern District of Pennsylvania a petition for a writ of habeas corpus, urging, first, that the sentence was unlawful in that it provided for his incarceration in a federal prison situate in a district through which the motor vehicle in question had not been transported; and, second, that, being thus unlawfully restrained of his liberty, he should be released and set free. The district judge denied the writ; thereupon Whitaker took this appeal.

[1] If the appellant were to succeed here, we are at a loss to see what practical advantage it would be to him, for the unlawful action of the court, if any, occurred not in his trial and conviction, but in sentencing him to the wrong prison. A writ of habeas corpus would operate only to release him from the federal prison at Leavenworth and remand him to the court in which he was tried for sentence to the proper prison. In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Bryant v. United States, 214 F. 51, 130 C. C. A. 491 (C. C. A. 8th). Aside from this practical consideration and aside from whether the appellant is raising a question on writ of habeas corpus which he could, and should, have raised on his writ of error, we shall, to quiet his concern, consider the matter on the merits.

[2] The appellant rests his case on the concluding paragraph of the Act which reads as follows: "Section 5. That any person violating this Act may be punished in any district in or through which such motor vehicle has been transported or removed by such offender" (Comp. St. Ann. Supp. 1923, § 10418f), maintaining that the word "punished" as here used means imprisonment and, in consequence, it means imprisonment in the district in or through which the motor vehicle has been transported. Whether this is the meaning of the Act depends not upon the words of this section alone but upon the words of the whole statute. The preceding sections define the terms "motor vehicle" and "interstate or foreign commerce" and provide: "That whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by" fine or imprisonment, or both. Concededly the statute is inartificially drawn, for the word "punished" is used in three sections with, we think, different meanings in two of them. The word as used in the third and fourth sections denotes the penalty for the offense—fine or imprisonment, the latter without reference to the place of imprisonment. As used in the fifth section, it states the venue. Moreover, there is nothing in the Act, either in terms or purpose, which discloses that Congress intended that one convicted for its violation shall serve his sentence in a district in or through which he has transported the vehicle. On the contrary, it appears by the different ways the word is used that Congress intended that an offender should be prosecuted and, if convicted, should be "punished" by sentence in any district in or through which he has transported the vehicle. This construction is consistent with the peculiar character of the evil intended to be curbed and with the breadth of jurisdiction necessary to make the law effective.

The order is affirmed.