## CARDIGAN v. WHITE, Acting Warden, etc.*

Circuit Court of Appeals, Eighth Circuit.
April 4, 1927.

No. 7443.

I. Criminal law ⟜1218—"Punishment" in district through which motor vehicle has been transported refers to venue, and not place of punishment (Dyer Act, § 5 [Comp. St. § 10418f]).

In Dyer Act, § 5 (Comp. St. § 10418f), requiring that one violating such act may be punished in any district in or through which motor vehicle has been transported or removed, "punishment" means venue of indictment and trial, and not place of undergoing punishment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Punishment.]

2. Pardon ⟜1—Paroles from United States penitentiary are statutory.

Paroles from United States penitentiary at Leavenworth, Kan., are allowable only under statute, and only in manner and under conditions set out in statute.

3. Pardon ⟜7—Where recommendation of board of parole that petitioner be paroled from United States penitentiary was disapproved by Attorney General, habeas corpus will not lie (Parole Act, § 3 [Comp. St. § 10537]).

Where board of parole recommended parole for prisoner in United States penitentiary, but recommendation was disapproved by Attorney General, habeas corpus will not lie, in view of Parole Act, § 3 (Comp. St. § 10537), requiring Attorney General's approval, since theory of such writ is that petitioner already has parole.

4. Pardon ⟜7—Attorney General's duty to approve recommendation of board of parole before parole becomes effective is not purely ministerial (Parole Act, § 3 [Comp. St. § 10537]).

Parole Act, § 3 (Comp. St. § 10537), providing that no parole shall become operative until findings of board of parole shall have been approved by Attorney General, lodges in Attorney General more than bare ministerial duty.

5. Appeal and error ⟜770(1)—Appellee's brief will not be considered, where not filed in time and no excuse offered.

Brief of appellee, not filed in time, will not be received for filing or considered, in absence of some showing of reason or excuse for delay.

Appeal from the District Court of the United States for the District of Kansas; Walter H. Sanborn, Judge.

Petition for writ of habeas corpus by James A. Cardigan against Thomas B. White, Acting Warden of the United States Penitentiary at Leavenworth, Kan. The petition was denied, and petitioner appeals. Affirmed.

James A. Cardigan, of Leavenworth, Kan., in pro per.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

STONE, Circuit Judge. This is an appeal from denial of a petition for a writ of habeas corpus. Appellant was convicted in the Eastern district of Michigan for violation of the Dyer Act and sentenced to imprisonment in the penitentiary at Leavenworth, Kansas, where he is now confined under such sentence. He presents here two points.

[1] The first is that section 5 of the Dyer Act (41 Stat. 324, 325 [Comp. St. § 10418f]) requires the imprisonment for violation of that act to be *served* in a district "in or through which such motor vehicle has been transported or removed by such offender" and that the motor vehicles covered in this indictment were never in or transported through the district of Kansas (containing Leavenworth). This contention is founded on the language of the section that "any person violating this act may be punished in any district in or through which such motor vehicle has been transported or removed by such offender." The argument is that "punishment," as used in the section, means the

*Certiorari denied 47 S. Ct. 770, 71 L. Ed. —.

place of undergoing the punishment and not the venue of the indictment and trial.

A consideration of this act in connection with the character of the offense, the statutory provisions regulating venue in criminal cases generally and those governing the establishment of the federal prisons and incarceration therein convinces that the above quoted section provides for the venue and that alone. This exact contention has been so ruled by the Circuit Court of Appeals for the Third Circuit in Whitaker v. Mathues, 9 F.(2d) 913, 914.

[2-4] The second point is that appellant is entitled to a parole. The basis of this contention is that he has been incarcerated for the portion of his sentence qualifying him for a parole; that he has complied with all of the regulations entitling him to a parole and that the board of parole has recommended him for such. It appears that this recommendation by the board was disapproved by the Attorney General. As to this action by the Attorney General, his contention is that such action is merely ministerial and that the Attorney General cannot prevent the granting of such parole but that the parole law operates automatically under such conditions.

Paroles are allowable only under the statute and only in the manner and under the conditions set out in the statute. Section 3 of the Parole Act (36 Stat. 819 [Comp. St. § 10537]), providing that the board of parole "may grant paroles, contains the provisions following:

"Provided, that no release on parole shall become operative until the findings of the board of parole under the terms hereof shall have been approved by the Attorney General of the United States."

Clearly, this provision lodges in the Attorney General something more than a bare ministerial duty. However, if such duty were purely ministerial, to which we do not agree, yet, the statute requires it shall be performed before a "release on parole shall become operative." If the duty is entirely ministerial, the proper court might, possibly, compel the Attorney General to perform the act and then the parole would become operative, but courts cannot dispense with this positive prerequisite requirement enjoined by the statute. The theory of appellant is that he has a parole already—otherwise he is not unlawfully confined. His own statement shows that not only has he no parole, but that the Attorney General has disapproved the findings of the board.

[5] The brief for the appellee, sought to be filed out of time with no proper reason for not being in time, is ordered not filed and has been disregarded.

The decree should be and is affirmed.