**GOLDSMITH v. ADERHOLT, Warden.***

No. 6023.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1930.

Rehearing Denied Dec. 5, 1930.

*Certiorari denied 51-S. Ct. 215, 75 L. Ed. ——.

H. Ely Goldsmith, of New York City, in pro. per.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order denying a petition for the writ of habeas corpus. Appellant alleged in his petition that in June, 1929, he was convicted and sentenced to imprisonment in the Atlanta penitentiary for a term of two years upon an indictment charging a violation of 18 USCA § 72, and that after serving more than one-third of his sentence he applied to the Board of Parole for the parole to which he was entitled pursuant to law. 18 USCA §§ 714, 715, 716, as amended by 18 USCA § 723. It was then alleged that the Board of Parole arbitrarily denied his application.

■ Under the facts thus stated, it is apparent that appellant was held in custody under a sentence which it was within the jurisdiction of the trial court to impose. Until that sentence had been revoked or set aside

in some way known to law, resort could not be had to writ of habeas corpus. In order to be entitled to that writ, it was essential for appellant to show that the sentence under which he was being held was wholly void. Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070. The Board of Parole, under the statutes above referred to, is given wide discretion in the performance of its duties. But if it be assumed that in an appropriate proceeding relief can be had against arbitrary action on its part, habeas corpus is not available as a remedy. Cardigan v. White (C. C. A.) 18 F.(2d) 572.

Appellant further alleges in his petition that in June, 1930, he made an application, which is still pending, to the Supreme Court for certiorari. He takes the position that, until such application is passed upon, he is entitled to bail. It is within the discretion of the Supreme Court to grant or refuse certiorari. It is only where an appeal is a matter of right that stay of execution of judgment is required. 28 USCA § 388.

The judgment is affirmed.