## HARRELL v. ADERHOLD, Warden.
### No. 7539.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1934.

George B. Harrell, of Atlanta, Ga., in pro. per.

Lawrence S. Camp, U. S. Atty., I. K. Hay, Asst. U. S. Atty., and H. T. Nichols, Sp. Atty., all of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

George B. Harrell was sentenced to the penitentiary for six years on September 24, 1929. He was released on parole October 20, 1932, but on November 19th thereafter a warrant was issued for his arrest as a parole violator, and during that month the parole board took up his case, and on December 22, 1932, he was notified that his parole was revoked and good-conduct allowances under 18 USCA § 710 forfeited. On June 4, 1934, a writ of habeas corpus was granted him, but on a hearing he was remanded, and appeals. His petition alleges the foregoing facts, and that he had at no time violated any rule of the penitentiary or any term of his parole; that his parole revocation was heard at the prison by one member of the board, who continued the hearing to Washington. It claims that there was no lawful forfeiture of his good-time allowance, and that he should now be at liberty. The answer exhibits the commitment and the conduct record of Harrell, which shows no misconduct in the penitentiary, but that on December 22, 1932, his parole was revoked and all good time forfeited, and that 1,091 days remained then to be served. No evidence was given as to how the parole was revoked, but it is stated in argument by the warden's counsel that because the parole board is unable promptly to hear all matters in all prisons the plan has been adopted, following the practice of the Interstate Commerce Commission and Board of Tax Appeals, that one member shall hold the hearing and take the evidence at the prison, the prisoner appearing before him, and the entire board afterwards passing on the matter at Washington; and that this was probably done in this case. We hesitate to rule broadly on supposed facts. 18 USCA § 719 says: "At the next meeting of the board of parole held at such prison after the issuing of a warrant for the retaking of any paroled prisoner, said board of parole shall be notified thereof, and if said prisoner shall have been returned to said prison, he shall be given an opportunity to appear before said board of parole, and the said board may then or at any time in its discretion revoke the order and terminate such parole or modify the terms and conditions thereof." The right to appear before a quorum of the board may be important if the facts be in dispute or if the question be one of discretion. But it is hardly jurisdictional since it exists only when the prisoner is present in the prison. It can be waived. The petition here does not assert that any objection was made by Harrell to proceeding before the one member of the board, or to the adjournment of the hearing to Washington. The evidence on which the board acted is not in the record, nor any of its proceedings except the warrant of arrest. There is always a presumption that public officials have acted rightly. Nothing here proves that the full board did not finally act upon the case without objection and with sufficient evidence to justify the revocation of the parole. Their action indeed may in all cases be final because discretionary. See Goldsmith v. Aderholt (C. C. A.) 44 F.(2d) 166. In this case we go no further than to hold that the presumption of regularity in favor of official action is not overcome. The revocation of a parole results in preventing the good-time deduction under section 710, unless restored by the Attorney General under section 711. Morgan v. Aderhold (C. C. A.) 73 F.(2d) 171, this day decided.

Judgment affirmed.