**BASS v. HIATT, Warden.**

**No. 136.**

District Court, M. D. Pennsylvania.

July 3, 1943.

No appearance entered by petitioner.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

The petitioner, Morris Bass, an inmate of the Federal Penitentiary at Lewisburg, within the Middle District of Pennsylvania, has presented to this court his petition in forma pauperis for a writ of habeas corpus, and has secured a rule upon the respondent to show cause why the prayer of the petition should not be granted. To this petition the respondent has duly filed his answer. From the petition and the response the following facts become apparent:

On June 24, 1942, the petitioner was sentenced by the United States District Court for the Eastern District of New York to serve two and one half years' imprisonment for failure to report for physical examination as required by the Selective Service Act, 50 U.S.C.A.Appendix § 301 et seq.

Under the provisions of Executive Order No. 8641 (F.R.Doc. 41-487) the Attorney General approved the release of petitioner from custody on parole for service in the land or naval forces of the United States.

This parole, however, was subject to the recommendation of the Director of Selective Service. In this connection petitioner states that his Local Draft Board No. 209 at Brooklyn, N. Y., had recommended the petitioner for service in the land or naval forces of the United States. This is not denied in the response which admits that the Attorney General approved the release of the petitioner from custody on parole for service in the land or naval forces of the United States so that it may be assumed that the provisions of Executive Order No. 8641 were complied with.

Subsequently the authorities of the Lewisburg Penitentiary forwarded to the Director of the Bureau of Prisons reports of the examination of the petitioner covering his behavior and mental attitude which revealed that the said Morris Bass was not a proper person for induction in the military forces of the United States. On January 14, 1943, the Director of the Bureau of Prisons advised the respondent herein that petitioner had been reviewed from the medical viewpoint and that it had been decided that the petitioner should not be released on parole and the previous authorization for release was then recalled at which time petitioner had not yet been released for induction into the land or naval forces of the United States.

It is the contention of the petitioner that this action was unfair, discriminatory and unwarranted and in violation of his civil rights. This proceeding raises two legal questions: (1) Did the Director of the Bureau of Prisons have legal authority to recall the grant of parole and (2) was such recall founded upon proper cause.

Executive Order No. 8641 provides for the release from custody on parole for service in the land or naval forces of the United States or for work of national importance under civilian direction, or for any other special service established pursuant to said Act of persons convicted of violation of the Selective Training and Service Act of 1940. The order gives power to the Attorney General to grant such parole if, within his judgment, it is compatible with the public interest and the enforcement of the Selective Training and Service Act of 1940, and upon recommendation of the Director of Selective Service. The Director before recommending the parole must determine the purpose for which the parole is granted. The terms and conditions of the parole are left to the discretion of the Attorney General and the parole is subject to revocation at any time in the discretion of the Attorney General or "his authorized agent", provided, that such power of revocation shall be suspended while the parolee is in the active land or naval forces of the United States.

Under date of January 14, 1943 the Attorney General issued the following authorization: "Pursuant to the provisions of Executive Order 8641 (Selective Training and Service Act of 1940, approved September 16, 1940, Public Law 783, 76th Congress) I hereby authorize the Director of the Bureau of Prisons to act as my representative in the revocation of parole of persons released on parole under the provisions of Executive Order 8641 and in determining whether the parolee shall complete the sentence originally imposed with or without deduction for the time spent on parole."

Under the order quoted above the Director of the Bureau of Prisons is legally authorized to act for the Attorney General, and under Executive Order 8641 the right of the Attorney General, or his duly authorized representative the Director of the Bureau of Prisons, to recall for cause a grant of parole before it became effective by actual release, is not open to question. This release and recall were matters resting in the discretion of the

422

Attorney General and his authorized representatives and as such are not open to review by this court in habeas corpus proceedings. United States ex rel. Rowe v. Nickolson, 4 Cir., 78 F.2d 468, certiorari denied 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405. United States ex rel. Nickolson v. Dillard, 4 Cir., 102 F.2d 94.

The reliability of the information on which action is taken by a paroling authority is a matter for the paroling authority to determine and such determination is conclusive in a proceeding for habeas corpus. Rogoway v. Warden, 9 Cir., 122 F.2d 967, certiorari denied 315 U.S. 808, 62 S.Ct. 797, 86 L.Ed. 1207, rehearing denied 316 U.S. 707, 62 S.Ct. 941, 86 L.Ed. 1774.

There is a presumption of regularity in favor of official action in revoking a parole (which would be equally applicable to official action in recalling a parole). Harrell v. Aderhold, 4 Cir., 73 F.2d 189.

A paroling authority in passing upon a prisoner's application for a parole exercises a discretionary power and habeas corpus is not available to secure relief against such action. Goldsmith v. Aderholt, 5 Cir., 44 F.2d 166, certiorari denied 282 U.S. 901, 51 S.Ct. 215, 75 L.Ed. 794. Redman v. Duehay, 9 Cir., 246 F. 283. Cardigan v. White, Acting Warden, 8 Cir., 18 F.2d 572, certiorari denied 274 U.S. 755, 47 S.Ct. 770, 71 L.Ed. 1334. United States ex rel. Anderson v. Anderson, 8 Cir., 76 F.2d 375. Story v. Rives, 68 App.D.C. 325, 97 F.2d 182. Christianson v. Zerbst, 10 Cir., 89 F.2d 40.

In the present case the Attorney General, and his authorized representative the Director of the Bureau of Prisons, had the power to recall the parole under Executive Order No. 8641, and such recall was for cause based upon information in their possession and therefore not an arbitrary or capricious exercise of that power and whether the conclusion reached by the paroling authority (as a result of which the parole was recalled) was the correct conclusion on the facts before them is not a question for this Court in habeas corpus. Just as the Federal Board of Parole after granting a parole and setting a date for release may reconsider and deny a parole theretofore granted, so must the Attorney General, under Executive Order No. 8641, be held to have that power.

It is therefore determined under the facts set forth in the petition for a writ of habeas corpus and under the law as herein stated that petitioner's remedy does not lie in habeas corpus proceedings, and

Now, therefore, the petition for a writ of habeas corpus is dismissed and the writ is denied.