WALTON v. HIATT, Warden United States Penitentiary, Lewisburg, Pa., et al.

No. 145.

District Court, M. D. Pennsylvania.

July 27, 1943.

No appearances entered by either party.

JOHNSON, District Judge.

The petitioner, John Walton Jr., a citizen of the United States of America, and a resident of the city of Charleston, West Virginia, is now confined in the United States Penitentiary, Lewisburg, Pennsylvania.

The petitioner states that he was sentenced in the District Court of the United States at Bluefield, West Virginia, on June 24, 1942, to serve a term of two years at the Penitentiary, upon his conviction of his violation of the National Motor Vehicle Act, after a plea of guilty.

The petitioner states that one-third of his sentence expired on February 23, 1943, and that not having been guilty of any violation of the rules and regulations of the institution, wherein he is confined, he has become eligible for parole.

Petitioner further states that he made application for a "Military Parole". That he was given a complete medical examination by direction of his selective service board. That on or about February 23, 1943, he appeared before T. Webber Wilson, acting for the United States Parole Board, for a hearing on his application for "Military Parole". That petitioner's case was referred to Washington, D. C., for further hearing and on or about May 6, 1943, petitioner was notified that his application for parole for military duty had been denied by the United States Board of Parole. Petitioner complains that no specific reason was given for such action by the United States Board of Parole.

It is upon the facts set forth above that petitioner bases his reasons for the issuance of a writ of habeas corpus.

It would seem that petitioner labors under a misapprehension of the functions of the Attorney General and the Director of Selective Service in granting a parole for service in the land or naval forces of the United States.

Executive Order No. 8641, Jan. 18, 1941, F.R.Doc. 41-487, provides for the release from custody on parole for service in the land or naval forces of the United States or for work of national importance under civilian direction, or for any other special service established pursuant to said Act of persons convicted of violation of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq. The order gives power to the Attorney General to grant such parole, if, within his judgment it is compatible with the public interest and the enforcement of the Selective Training and Service Act of 1940, and upon recommendation of the Director of Selective Service. The Director before recommending the parole must determine the purpose for which the parole is granted. The terms and conditions of the parole are left to the discretion of the Attorney General.

The reliability of the information on which action is taken by a paroling authority is a matter for the paroling authority to determine and such determination is conclusive in a proceeding for habeas corpus. Rogoway v. Warden, 9 Cir., 122 F.2d 967, certiorari denied 315 U.S. 808, 62 S.Ct. 797, 86 L.Ed. 1207, rehearing den. 316 U.S. 707, 62 S.Ct. 941, 86 L.Ed. 1774.

There is a presumption of regularity in favor of official action in revoking a parole (which would be equally applicable to official action in recalling a parole.) Harrell v. Aderhold, 5 Cir., 73 F.2d 189.

A paroling authority in passing upon a prisoner's application for parole exercises a discretionary power and habeas corpus is not available to secure relief against such action. Goldsmith v. Aderholt, 5 Cir., 44 F.2d 166, certiorari denied 282 U.S. 901, 51 S.Ct. 215, 75 L.Ed. 794.

The remedy for compelling action is by a direct mandamus proceeding against the paroling authority in the District of Columbia and not by habeas corpus proceeding in the District Court. United States ex rel. Rowe v. Nickolson, 4 Cir., 78 F.2d 468; United States ex rel. Nickolson v. Dillard, 4 Cir., 102 F.2d 94.

The power to grant parole is vested exclusively in the Paroling Authority to be exercised as it may in its wisdom see fit, and habeas corpus will not lie. Redman v. Duehay, 9 Cir., 246 F. 283.

The petitioner's additional contention that he is now eligible for parole because he has served one-third of his sentence cannot be considered in these habeas corpus proceedings. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

■ Thus petitioner has applied to this court for a remedy which cannot be granted.

·Now, therefore, this 27th day of July, 1943, the petition for the writ of habeas corpus is hereby dismissed, and the writ is denied.