**MILLS v. HIATT, Warden.**

No. 140.

District Court, M. D. Pennsylvania.

Aug. 7, 1943.

No appearance entered for the petitioner.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

The petitioner, Jimmie Mills, has filed in this court his petition for writ of habeas corpus, alleging that his detention at the United States Penitentiary, Lewisburg, Pennsylvania, is unlawful. The facts, as they may be deduced from the allegation of the petition, are as follows:

The petitioner, while serving a sentence imposed upon him by a Federal Court, and having earned 252 days statutory good time and 68 days industrial good time or a total of 320 days good time, was on June 27, 1939, conditionally released subject to the parole provisions under 18 U.S.C.A. § 716b. The petitioner was, while thus conditionally released under parole supervision, charged in the Western District of North Carolina with having on July 17, 1939, committed a violation of the Internal Revenue laws. He was subsequently, on May 16, 1940, acquitted on this charge. The parole board on January 5, 1940, issued its warrant for the arrest of the petitioner as a conditional release violator, and this warrant was executed on June 5, 1940. The petitioner was returned to the penitentiary to serve the remainder of his sentence, the parole board having in the meantime revoked the conditional release. While thus serving the remainder of his maximum sentence, the Parole Board again reconditionally released the petitioner on July 3, 1940, for the balance of his maximum term, or until April 19, 1941. During this period the petitioner was again charged with a violation of parole and on April 19, 1941, a new conditional release violator warrant issued. The petitioner is now serving the balance of his maximum term. His contention is that having been acquitted of the crime which he was alleged to have committed on July 17, 1939, the parole board was without power to issue its warrant of January 5, 1940, and that this being void, his maximum term expired 321 days after his release on June 27, 1939, and consequently that therefore the warrant issued on April 19, 1940, was beyond this period and also void.

The sole question here is whether the Parole Board had the power and juris-

diction to act. United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, certiorari denied Rowe v. Nicholson, 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405; United States ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94.

The petitioner, having accepted conditional release from the penitentiary, did so subject to the terms of the statutes which provide for the conditional release of prisoners and for the retaking of those who violate the terms and conditions of their releases. 18 U.S.C.A. §§ 710, 716, 716a, 716b, 717, 719, 723 to 723c. Violation of such parole is not limited to the commission of a crime and conviction therefor. Fox v. Sanford, 5 Cir., 123 F.2d 334. The petitioner, on June 5, 1939, under the first violation warrant therefore began serving the remainder of his maximum sentence. Since parole is intended, so far as the public interest will permit, to afford the unfortunate another opportunity by clemency under guidance and control of the Parole Board, which exercises a highly discretionary power under the Statute, Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; United States v. Farrell, 8 Cir., 87 F.2d 957, it must follow that the Parole Board could, in its discretion, again reconditionally release the prisoner for the remainder of his term which he was then serving. Having done so, and having determined that a violation of parole had again occurred, its second warrant for violation of reconditional release was issued within the period for which the petitioner had been reconditionally released. This warrant was therefore unquestionably issued within the "term * * * of the prisoner's sentence." This was sufficient. Adams v. Hudspeth, 10 Cir., 121 F.2d 270, 272.

Under these circumstances it is unnecessary to consider whether the term may have been further extended by imprisonment under another sentence in the intervening period, as was the case in Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

Now therefore the petition is accordingly dismissed and the rule granted thereon discharged.