**HAUCK v. HIATT, Warden, United States Penitentiary, Lewisburg, Pa., et al.**

**No. 150.**

District Court, M. D. Pennsylvania.

Aug. 7, 1943.

See, also, 50 F.Supp. 534.
No appearances entered.

JOHNSON, District Judge.

The petition for a writ of habeas corpus seeks the petitioner's release from the Federal Penitentiary at Lewisburg, Pennsylvania. Petitioner was sentenced to serve a term of five years at the United States Penitentiary at Atlanta, Georgia. Sentence was imposed by the United States District Court at Florance, South Carolina on December 6, 1940. Petitioner was sent to Atlanta and later transferred to Lewisburg.

Petitioner complains that one-third of his sentence expired on August 5, 1942, and that having not been guilty of any violation of rules and regulations he thereupon became eligible for parole; that petitioner was granted a hearing on August 20, 1942 on his application for parole before a member of the Board of Parole and that sub-

sequently he was notified on or about October 1, 1942 by the U. S. Board of Parole that his application had been denied. Petitioner complains that he was denied a constitutional right in that the U. S. Board of Parole failed to hear his case on or before the date he became eligible for release.

■ Petitioner fails to set forth the date on which he filed his application for parole and in the absence of an abuse of discretion, which does not appear, there is no merit in this contention. In addition, a paroling authority in passing upon a prisoner's application for parole exercises a discretionary power and habeas corpus is not available to secure relief against such action. Goldsmith v. Aderholt, 5 Cir., 44 F. 2d 166. Petitioner further alleges that his co-defendant, one Robert Brewer, now also imprisoned in the United States Penitentiary at Lewisburg, Pennsylvania, has made a confession which absolves petitioner from the violation for which he was convicted and requests this court to issue the writ of habeas corpus upon this allegation. After-discovered evidence tending to show that another had confessed to perpetrating the offense for which accused was convicted affords no grounds upon which this court can grant relief in habeas corpus. U. S. ex rel. Uwanawich v. Hill, D.C., 31 F.Supp. 27.

■ The balance of petitioner's allegations comprise a complaint that on October 15, 1942 he applied for a "Military Parole". After an examination he was placed in Class 1-A and his application then referred to the United States Board of Parole at Washington, D. C., where it was subsequently denied. In this second refusal as in the first refusal the power to grant parole is vested exclusively in the paroling authority to be exercised as it may, in its wisdom, see fit, and habeas corpus will not lie as a remedy. Redman v. Duehay, 9 Cir., 246 F. 283.

■ The prisoner's petition is replete with complaints of the manner in which he has been treated by those in authority at the Penitentiary wherein he is confined, all relating to alleged interference with his attempts to secure his release by reason of the allegations contained in his petition. The remedy for an abuse of discretion by those in authority at the Lewisburg Penitentiary is not by writ of habeas corpus but by a writ of mandamus which is not under such circumstances within the jurisdiction of this court. Crites v. Hill, Warden, D.C., 9 F.Supp. 975.

Now therefore this 7th day of August, 1943, the petition for a writ of habeas corpus is dismissed and the writ is denied.