**VOORHEES v. COX, Warden.**

· No. 1663.

District Court, W. D. Missouri, W. D.
Dec. 14, 1943.

John W. Oliver, of Kansas City, Mo., for plaintiff.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo., for respondent.

COLLET, District Judge.

(1) On March 21, 1935, petitioner was sentenced by Judge Davis of the District Court of the United States for the Eastern District of Missouri, on a plea of guilty to five years imprisonment in the United States Penitentiary at Leavenworth, Kansas, for violation of 18 U.S.C.A. § 317 (relating to the Postal Laws). This will be referred to herein as the first sentence.

(2) Pursuant to Act of Congress of June 21, 1902, 18 U.S.C.A. § 710, petitioner earned 480 days of good conduct time and was therefore released from prison on November 26, 1938.

(3) By reason of Act of Congress of June 29, 1932, 18 U.S.C.A. § 716b, petitioner's release from prison by reason of his good conduct credit is to be treated as though the prisoner were "released on parole and [is] subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence." The maximum term of the first sentence (unless some circumstance prevented it) expired on March 21, 1940. Petitioner was, therefore, to have been considered under the aforesaid act as being on conditional release and subject to the parole laws from November 26, 1938, until March 21, 1940.

(4) On September 11, 1939, (before the expiration of the first sentence) petitioner was sentenced by Judge Wham of the United States District Court for the Eastern District of Illinois, on a plea of guilty, to five years imprisonment in the United States Penitentiary at Leavenworth, Kansas, for violation of 18 U.S.C.A. § 317 (relating to the Postal Laws). This will be referred to herein as the second sentence.

(5) Petitioner earned his deduction for good time on his second sentence and was entitled to be released from prison (unless some other circumstance prevented it) on May 19, 1943.

(6) On September 30, 1939, the Chairman of the United States Board of Parole issued a warrant for retaking prisoners released under authority of public 210, 72nd Congress, 18 U.S.C.A. § 716b. That warrant recited that whereas the petitioner had been given his first sentence and whereas he had been released conditionally on November 26, 1938, and

"Whereas, reliable information has been presented to the undersigned member of the Board, that said prisoner named in this warrant has violated the conditions of his release and is therefore deemed to be a fugitive from justice.

"Now, therefore, this is to command you to execute this warrant by taking the said Martin Voorhees, wherever found in the United States, and him safely returned to the institution hereinafter designated."

(7) The writ on its face shows that it was issued on September 30, 1939, but that the officer serving the writ did not receive the same until May 28, 1941, and that the officer serving the writ did not serve the same until May 19, 1943. The petitioner was transferred from Leavenworth to the Medical Center for Federal Prisoners at Springfield, Missouri, on May 24, 1941, pursuant to 18 U.S.C.A. §§ 744b and 753b.

(8) The day upon which the above warrant was *issued* (September 30, 1939) was *before* the maximum time of the first sentence had expired (March 21, 1940). The date, however, upon which it was *received* (May 28, 1941) by the Marshal for service upon the petitioner was *after* the expiration of the maximum period of the first sentence. The date upon which the warrant was *served* (May 19, 1943) was, of course, over three calendar years after the expiration of the first sentence.

(9) Prior to 1940, the law required that opportunity be given for a hearing by the Board before revocation of parole. See 18 U.S.C.A. § 719. That Act was amended in 1940, 18 U.S.C.A. § 719, authorizing that hearing by the Board, a member thereof, or an examiner designated by the Board at the next meeting of the Board after the parolee has been arrested and returned to the prison.

(10) The parolee was put in prison on the second conviction on September 11, 1939, but he was not arrested on the revocation warrant until May 19, 1943, more than five years after the beginning of the first sentence on March 21, 1935. As heretofore noted, the revocation warrant was issued on September 30, 1939, well within the period of the first five year sentence.

(11) A hearing was held on July 30, 1943, by an examiner designated by the Board presumably at or prior to the first meeting of the Board after the parolee's

arrest on the revocation warrant. The Board formally issued its order revoking the parole on the first sentence August 5, 1943, more than five years after the beginning of the first sentence unless the time petitioner served on the second sentence is not counted. In the latter event the revocation was within the period of the first five year sentence.

 Upon the foregoing facts the petitioner is not entitled to the relief he seeks. The two sentences did not run concurrently. The revocation of the parole on the first sentence did not occur until after the completion of the second sentence imposed. That was the obvious intention of the Board and, in my judgment, that intention was effectively accomplished by the course followed. The general rule that the revocation of a parole must occur within the period of the original sentence should not apply in this case because in so far as the revocation of his parole on the first sentence was concerned, petitioner was as effectively beyond the jurisdiction of the Board while he was serving the second sentence, imposed by Judge Wham, as he would have been had that sentence been imposed by a state court. In the latter event the sentences do not run concurrently and the time during which the parolee is beyond the jurisdiction of the Board should not be considered in computing the time within which the Board was compelled to act on the revocation of the parole. Eliminating that time, the Board did act well within a period of five years from the date of his original or first sentence. If such a rule was not followed in computing the time within which action should be taken to revoke a parole, it would only be an invitation to a parolee to flee beyond the jurisdiction of this Government and remain there until, by the calendar, his sentence had expired and then return to the United States with full immunity from any subsequent action by the Board.

 Nor is there a justifiable complaint that the hearing upon which the parole was revoked was held by an examiner appointed by the Board. Such matters are procedural and Congress has the power to change the procedure to be followed in revoking a parole without violating petitioner's constitutional rights should the procedure be a different one than the one which was in effect at the

time of his conviction. There is no claim that the new procedure did not afford petitioner ample opportunity for a fair hearing. It is, therefore, ordered, adjudged and decreed that the writ heretofore issued be and is hereby discharged and the cause dismissed.