**HAUCK v. HIATT, Warden.**

**No. 8518.**

Circuit Court of Appeals, Third Circuit.

Submitted on Briefs Feb. 7, 1944.

Decided March 8, 1944.

Appellant for himself.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for appellees.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

PER CURIAM.

The appellant, confined to the United States Penitentiary at Lewisburg, Pennsylvania, filed a petition for a writ of habeas corpus to the District Court of the United States for the Middle District of Pennsylvania, asserting that he is entitled to his liberty because the United States Parole Board refused to grant him a parole at the expiration of one-third of a sentence imposed upon him by the District Court of the United States for the Eastern District of South Carolina. The District Court for the Middle District of Pennsylvania dismissed his petition for the reasons stated in its opinion. See 50 F.Supp. 917.

The appellant makes three assertions. He contends, first, that he has complied fully with all prison regulations and therefore is entitled to a parole; second, he asserts that he is entitled to a "Military Parole" because after a physical examination he was placed in Class 1-A and his application was referred to the Parole Board. He contends, third, that one Robert Brewer, his co-defendant and a fellow inmate, has made an affidavit absolving the appellant of the commission of the crime for which he was convicted and that for this reason, if for no other, he should be given his liberty.

■ The functions and duties imposed upon the Parole Board are described and defined by statute. See 18 U.S.C.A. §§ 714 and 716. Language expressive of legislative intent could not be plainer. It has been held repeatedly that the paroling authority in passing upon a prisoner's application for parole exercises a discretionary power and that a writ of habeas corpus is not available to secure relief from its decisions. Goldsmith v. Aderholt, 5 Cir., 44 F.2d 166, certiorari denied 282 U.S. 901, 51 S.Ct. 215, 75 L.Ed. 794; Redman v. Duehay, 9 Cir., 246 F. 283; Cardigan v. White, Acting Warden, 8 Cir., 18 F.2d 572, certiorari denied 274 U.S. 755, 47 S.Ct. 770, 71 L.Ed. 1334; United States ex rel. Anderson v. Anderson, 8 Cir., 76 F.2d 375; Story v. Rives, 68 App.D.C. 325, 97 F.2d 182; Bass v. Hiatt, D.C., 50 F.Supp. 420 and Walton v. Hiatt, D.C., 50 F.Supp. 690.

■ As to the last ground asserted by the appellant, if he can demonstrate his innocence, his application should be to the President of the United States for executive clemency.

Accordingly, the order of the court below is affirmed.