## SECCHI v. U. S. BUREAU OF IMMI-GRATION et al.

### H. C. No. 180.

District Court, M. D. Pennsylvania.

Feb. 2, 1945.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for U. S. Bureau of Immigration and Warden William H. Hiatt, and the U. S. Marshal for Middle District of Pennsylvania.

Alfred William Secchi, per se.

JOHNSON, District Judge.

This petition was filed by Alfred William Secchi, who alleges that he is a British Seaman now serving a sentence of four years at the United States Penitentiary, Lewisburg, Pennsylvania, imposed upon him by the United States District Court for the District of Maryland, and that "on October 13, 1944, deponent was granted a parole by the U. S. Parole Board with the proviso contained therein that parole was granted for deportation". He further states "that deponent believes that upon a hearing for deportation under any charges that might be presented forming the basis for such charges would be defeated". He concludes with a prayer as follows: "Wherefore deponent prays that an order of this court issue to the U. S. Marshall for the Middle District of Pennsylvania; to the Bureau of Immigration; and to the Warden of the U. S. Penitentiary at Lewisburg, vacating and setting aside said warrant on the grounds that it has impaired deponent and deprived deponent of his liberty and on the further ground of lacks."

It is not clear what remedy this petitioner is seeking.

It is not a petition for mandamus and, if it were, this Court would have no jurisdiction. Hogan v. Hill, D. C., 9 F. Supp. 975, affirmed 3 Cir., 78 F.2d 1017.

The petition alleges that Secchi has been deprived of his liberty. The matter will therefore be treated as a petition for a writ of habeas corpus.

The petitioner does not set forth any facts to indicate that his present restraint under the sentence imposed by the United States District Court for the District of Maryland is illegal. His sole complaint seems to be that the United States Board of Parole has issued a conditional parole under the provisions of 18 U.S.C.A. § 716, and that "since said October. 13, 1944, the U. S. Marshal for the Middle District of Pennsylvania, the Warden of the U. S. Penitentiary at Lewisburg, Pa., or the U. S. Bureau of Immigration of the U. S. of America have failed and neglected to exe-

570

cute the alleged warrant for deportation and the officials of the U. S. Penitentiary at Lewisburg, Pa., have done nothing to carry out the directions of the U. S. Parole Board in case of the deponent and have kept deponent incarcerated in the U. S. Penitentiary at Lewisburg, Pa., since that date in capacity of an inmate and Federal prisoner."

The portion of 18 U.S.C.A. § 716 applicable to deportation is as follows: "Provided, That where a Federal prisoner is an alien and subject to deportation the Board of Parole may authorize the release of such prisoner after he shall have become eligible for parole on condition that he be deported and remain outside of the United States and all places subject to its jurisdiction, and upon such parole becoming effective said prisoner shall be delivered to the duly authorized immigration official for deportation."

■ The petition in the instant case shows clearly that the parole to which petitioner refers is a parole conditional for his deportation to England. It is not for the petitioner's general release from imprisonment and can become effective only if and when the duly authorized immigration officials make the necessary arrangements for the deportation of the petitioner, at which time the prisoner shall be delivered to them. The Parole Board was authorized to act in the manner in which it did, and its action cannot be the subject of inquiry by this court. 18 U.S.C.A. § 716; Bass v. Hiatt, D.C.M.D.Pa., 50 F.Supp. 420; Walton v. Hiatt, D.C.M.D.Pa., 50 F. Supp. 690.

■ The action of the Parole Board cannot compel the Immigration Authorities to complete deportation proceedings. The parole is granted in order to remove an obstacle in the action contemplated by the Immigration Authorities. The action of the Parole Board is taken so that if the Immigration Authorities desire to complete the deportation, they may complete it effectively without being compelled to await the completion of the service of petitioner's sentence. The conditional parole does not confer upon the petitioner any right of absolute and immediate release. There is therefore nothing set forth in the petition which calls for the consideration of this Court, and the petition is accordingly dismissed.