### ROTHSTEIN v. HIATT.

#### No. 197.

District Court, M. D. Pennsylvania.

Nov. 22, 1946.

---

Reuben Roy Rothstein, pro se.
No appearance for defendant.

FOLLMER, District Judge.

The petitioner in his application for a writ of habeas corpus alleges that he is now serving "an indeterminate sentence of one (1) year and twenty five (25) days to three (3) years and twenty five (25) days imprisonment. The prison at Lorton, Virginia was designated as the place of imprisonment, and subsequently your petitioner was transferred to the U. S. Penitentiary, at Lewisburg, Pennsylvania, where he now is."

The petition and records attached thereto also show that he has other sentences, viz.: (1) A sentence imposed on May 7, 1945, by the Northern Division of the Middle District of Alabama to an indictment numbered 9727, in two counts, on which the sentence is, "Two (2) years, the sentence to begin when the defendant is released to the jurisdiction of this Court." (2) Sentences on five separate indictments on November 26, 1945, in the Southern Division of the Southern District of Alabama on indictments numbered 11453, 11454, 11455, 11535 and 11600. The sentence on the first of these indictments, containing six counts, is "for a period of two (2) years, the serving of said sentence to begin at the expiration of the sentence the defendant is now serving." The sentence on indictment numbered 11454, consisting of two counts, is "for a period of three (3) years, the serving of said sentence to begin at the expiration of the sentence imposed in Criminal Case No. 11453." The sentence under indictment numbered 11455, consisting of one count, is "for a period of five (5) years, said sentence to run concurrently with the sentences imposed in Criminal Cases No. 11453 and No. 11454." The sentence on indictment numbered 11535, consisting of one count, is "for a period of five (5) years, to begin at the expiration of sentences imposed in Criminal Cases Nos. 11453, 11454 and 11455." The sentence on indictment numbered 11600, consisting of one count, is "for a period of two (2) years, to begin at expiration of sentence imposed in Criminal Case No. 11535." (3) The petitioner also was sentenced December 18, 1945, in the Northern Division of the Middle District of Alabama to indictment numbered 9807, consisting of two counts, the sentence imposed thereon being "for a period of five (5) years, to begin at the expiration of the sentence he is now serving from the District of Columbia and to run concurrently with the sentences imposed on him in the Southern District of Alabama."

The petitioner, treating the indeterminate sentence imposed upon him in the District of Columbia as an independent sentence totally disassociated from the sentences imposed upon him in the other Districts, alleges that he has served one-third thereof and has made application to the Parole Board, that such application has been neither granted nor denied but that he has received a "notice of action of the Parole Board" from the Parole Office at the United States Penitentiary, dated September 3, 1946; that action on his application for parole has been "continued to Washington." He now seeks by this proceeding in the nature of an application for a writ of habeas corpus to have this Court direct that he be released on parole.

The petitioner having been transferred to the United States Penitentiary at Lewisburg on the indeterminate sentence of the Court of the District of Columbia, he is subject to the jurisdiction of the Board of Parole under 18 U.S.C.A. § 714 et seq., and such sentence would be one of the group of sentences of which the total consecutive terms would constitute the basis for his eligibility for parole. Aderhold v. Lee, 5 Cir., 1934, 68 F.2d 824, certiorari denied 292 U.S. 633, 54 S.Ct. 718, 78 L.Ed. 1498.

Aside from the fact that he is not yet eligible to make an application for parole, he may not in any event by a proceeding in habeas corpus seek a determination of such question of eligibility for parole, nor may this Court in such habeas corpus proceedings grant the relief sought

against the Parole Board which is in the nature of a mandamus, the petitioner not yet having served his sentence's and not at this time being entitled to release from custody. McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Walton v. Hiatt, D.C.Pa., 1943, 50 F.Supp. 690. A paroling authority in passing on a prisoner's application for parole exercises a discretionary power, and habeas corpus is not available to secure relief against such action. Hauck v. Hiatt, D.C.Pa., 1943, 50 F.Supp. 917, affirmed 3 Cir., 141 F.2d 812; Bass v. Hiatt, D.C.Pa., 1943, 50 F.Supp. 420.

The application for the writ of habeas corpus is accordingly denied.