## MARSHALL v. HIATT, Warden.

### No. 204.

District Court, M. D. Pennsylvania.
Sept. 15, 1947.

Petitioner pro se.

Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for respondent.

FOLLMER, District Judge.

The petitioner, Charles C. Marshall, was on March 3, 1943, in the United States District Court for the District of Monta-

na, sentenced for a violation of the Dyer Act, 18 U.S.C.A. § 408, to a term of three years. While at the Federal Correctional Institution at Englewood, Colorado, under this sentence, he was again indicted in the Colorado District on a charge of resisting and interfering with a Federal officer at that Institution. On this charge he was sentenced in the Colorado District to a term of two years consecutive to the other sentence. He was later transferred to the Medical Center for Federal Prisoners at Springfield, Missouri, and was on December 4, 1946, conditionally released on parole under the provisions of 18 U.S.C.A. § 716b.[1] While thus on parole he was adjudged a conitional release parole violator by the Parole Board, was arrested and committed to the District of Columbia jail on March 3, 1947, and on March 13, 1947, transferred for further commitment to the United States Penitentiary, Lewisburg, Pennsylvania, for the balance of the two sentences totalling five years.[2]

His contention is that his parole should not have been revoked because his conduct while on conditional release was due to the use of narcotics[3] and he seeks to have this Court direct that he be released for the balance of his good time.[4]

The petitioner does not deny that a violation of his parole occurred but seeks to justify his actions on the ground that he was a narcotic addict.[5]

The Parole Board under such circumstances had jurisdiction and the revocation of the parole was within the discretionary power of the Parole Board. Habeas corpus does not lie to interfere with the exercise of that discretion by the Board.

The Statutes created a parole system applicable to conditional releasees as well as other parolees under which they take their releases and paroles subject to the contingency of being arrested and returned on warrant issued by the Parole Board, or a member thereof, and subject to a determination by the Board as to whether the terms of such parole have been violated.[6]

[1] The "good time" deductions under 18 U.S.C.A. § 710 with the parole provisions as attached thereto under 18 U.S.C.A. § 716b would, in the instant case, have been supplemented by the provisions of 18 U.S.C.A. § 876 especially applicable to the Medical Center at Springfield. It appears that this prisoner was a narcotic addict and the "good time" provisions would therefore also have been supplemented by the requirements of Act July 1, 1944, § 343, 58 Stat. 699, 42 U.S.C.A. § 259.

[2] The date of his conditional release indicates that he was given "good time" deduction on the original three year sentence in spite of his conviction in the meantime of resisting and interfering with a Federal officer at the Institution while serving such first sentence, although the prison authorities would have been amply justified in depriving him thereof.

[3] At the hearing in attempting to clarify the issues the following interrogation took place:

"By the Court: * * *

"Q. Did you or did you not violate your parole? A. Not consciously, no; I was under the influence of benzedrine.

"Q. Did you violate it? A. I did, but not under my own judgment; I was under the influence of this benzedrine.

"Q. Then it is your contention that your parole should not have been revoked because what you did you did not do consciously; is that your contention here? A. Yes, sir. * * *

"Q. How long had you been using these drugs? A. Since I went to Springfield.

"Q. You claim you started to use them at Springfield? A. They administered them to me.

"Q. Is that the first time you ever used drugs of any sort? A. Yes, sir.

"Q. You never used them before? A. They were administered to me by Doctors on the outside.

"Q. Before you first got into trouble, had you ever used drugs, before you were first in Jail? A. That is not the only place I ever was. I was in Englewood, Colorado.

"Q. Did you ever use drugs before you went to Englewood? A. Not without a Doctor's prescription.

"Q. Did you use it with a Doctor's prescription? A. Yes sir."

[4] Petitioner testified: "If I can't get back on conditional release, then I would like to know why I can't."

[5] See statements in Note 3, supra. In addition thereto, under interrogation by Counsel for the Respondent, he stated:

"Q. By going to Washington, D. C., you violated your parole? A. Yes sir, but I was irresponsible at the time.

"Q. You were given a hearing by the Parole Board; is that right? A. Yes sir."

[6] Bowers v. Dishong, 5 Cir., 1939, 103. F.2d 464 (and cases there cited); Rogoway v. Warden, 9 Cir., 1941, 122 F.2d 967; United States ex rel. Rowe v. Nich-

The petition for writ of habeas corpus is accordingly denied and the rule to show cause dismissed.

olson, 4 Cir., 1935, 78 F.2d 468, certiorari denied 296 U.S. 573, 56 S.Ct. 118, 80 L. Ed. 405; United States ex rel. Nicholson v. Dillard, 4 Cir., 1939, 102 F.2d 94; Bass v. Hiatt, D.C.M.D.Pa., 1943, 50 F. Supp. 420; Mills v. Hiatt, D.C.M.D.Pa., 1943, 50 F.Supp. 689; Walton v. Hiatt, D.C.M.D.Pa., 1943, 50 F.Supp. 690;

Phipps v. Pescor, D.C.Mo.1946, 68 F. Supp. 242.

Some statements in the earlier cases as to procedure (not, however, material in the case now before us) are no longer applicable. See Voorhees v. Cox, D.C. Mo.1943, 54 F.Supp. 15.