**James Anderson DEANS, Petitioner,**

v.

**UNITED STATES of America, Ramsey Clark, Attorney General of the United States, Frank F. Kenton, Warden, Federal Correctional Institution, Danbury, Connecticut, Respondents.**

Civ. No. 12331.

United States District Court
D. Connecticut.

Dec. 29, 1967.

James Anderson Deans, pro se.

TIMBERS, Chief Judge.

Petitioner, having petitioned this Court for an order in the nature of a writ of mandamus to compel respondents to release petitioner forthwith from the Federal Correctional Institution at Danbury, Connecticut, where petitioner alleges he is presently confined, having been sentenced by the United States District Court for the District of New Jersey, on September 23, 1966, to a term of three years imprisonment following conviction of violation of 50 U.S.C. App. § 462 (1964); and

The Court having construed said petition as an application for a writ of habeas corpus, it appearing that petitioner challenges the legality of the Parole Board's refusal to grant him

parole and, therefore, the legality of his continued detention;[1] and

The Court having accepted as true for the preliminary purpose of testing the sufficiency of the instant petition the following allegations contained therein:

(1) That petitioner has made application for parole pursuant to Executive Order No 11,325;[2]

(2) That petitioner has signified his willingness to be inducted into the armed forces upon his parole as required by Executive Order No. 11,325;[3]

(3) That the Parole Board has denied petitioner's application for parole pursuant to Executive Order No. 11,325;[4] and

The Court being of the opinion that it has no authority to grant the relief requested for the reasons that:

(A) Executive Order No. 11,325[5] merely authorizes the Attorney General through the Parole Board to grant parole to a person convicted of a violation of the Universal Military Training and Service Act if upon release the person will immediately be inducted into the armed forces or assigned to acceptable civilian work. Even if petitioner met all the requirements set forth in the Executive Order, it would still be for the Attorney General and Parole Board to determine in their discretion whether parole would be "compatible with the public interest and the enforcement of the Universal Military Training and Service Act, as amended." [6]

And petitioner has not shown that the Attorney General or Parole Board has failed to observe procedural requirements. Under such circumstances, the Court has no power to substitute its judgment for that of the Attorney General and Board of Parole, nor does it have power to review on any other basis the discretion exercised by the Attorney General and Board of Parole in denying parole to petitioner.[7]

(B) But assuming this Court had reviewing power, petitioner has not shown that he is even eligible for parole under Executive Order No. 11,325,[8] since he has not alleged that the Director of Selective Service has recommended to the Attorney General that petitioner be paroled. Such a recommendation is a prerequisite to the Attorney General or Parole Board exercising discretion in favor of petitioner's

1. See Washington v. Hagan, 287 F.2d 332, 333 (3 Cir. 1960), cert. denied, 366 U.S. 970 (1961); cf. United States v. Fitzpatrick, 378 F.2d 85, 87 (2 Cir. 1967). Although these cases involved challenges of the legality of parole revocations and the resulting detentions, the basic allegation which the courts found sufficient to permit the challenges to take the form of habeas corpus petitions was the allegation that the petitioners were being improperly detained in custody because of illegal acts of the Parole Board. The instant petitioner makes such a claim, and, therefore, the Court deems it proper to consider his petition as an application for a writ of habeas corpus. Thus, there is no need to consider whether petitioner's failure to name the Parole Board as a party would preclude the Court from considering his petition if it were construed as seeking an order in the nature of a writ of mandamus.

2. 32 C.F.R. §§ 1643.1 et seq. (1967).

3. 32 C.F.R. § 1643.3 (1967).

4. Supra note 2.

5. Id.

6. Executive Order No. 11,325, 32 C.F.R. § 1643.2 (1967).

7. Walton v. Hiatt, 50 F.Supp. 690 (M.D. Penn. 1943). See Peterson v. Rivers, 350 F.2d 457 (D.C.Cir.1965); Hyser v. Reed, 318 F.2d 225, 234 (D.C.Cir.1963) (en banc), cert. denied, 375 U.S. 957 (1963); Hauck v. Hiatt, 141 F.2d 812 (3 Cir. 1944).

8. Supra note 2.

application.[9]  Therefore, petitioner has not only failed to show any abuse of discretion on the part of the Attorney General or Parole Board, but has failed to show that it is even within their discretion to grant petitioner's application pursuant to Executive Order No. 11,325;[10] it is therefore

ORDERED that the instant petition be, and the same hereby is, denied; and it is further

ORDERED that petitioner's papers may be filed in this Court without payment of filing fees, pursuant to 28 U.S. C. § 1915.

9. Executive Order No. 11,325, 32 C.F.R. § 1643.2 (1967).

